**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEST AUTO REPAIR, INC., a California Corporation; et al., | No. 22-55784 |
| Plaintiffs-Appellants, | D.C. No. 2:21-cv-02874-FLA-PD |
| v. | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut Corporation; THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted August 23, 2023[**]
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Plaintiffs-Appellants Best Auto Repair, Inc., and thirteen other businesses

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(collectively, "Plaintiffs") appeal from the district court's dismissal of their insurance coverage claims for business losses stemming from COVID-19 and the related government shutdown orders. We have jurisdiction under 28 U.S.C. § 1291 and review de novo. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We affirm.

Plaintiffs are insured under identical provisions of Defendant-Appellee Travelers Casualty Insurance Company's policies ("Policies"). The Policies cover "direct physical loss of or damage to property . . . caused by or resulting from a Covered Cause of Loss." The Policies also contain a Virus Exclusion clause, which bars coverage "for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease."

The Virus Exclusion clause clearly and unambiguously bars Plaintiffs' claims for losses or damages. Plaintiffs contend that COVID-19 government shutdown orders—not the COVID-19 virus itself—caused their losses, so the Virus Exclusion does not apply. We rejected these arguments in *Mudpie*. In that case, we held:

> Though Mudpie argues it was the government orders that most directly caused its injury, Mudpie does not plausibly allege that "the efficient cause," i.e., the one that set others in motion, was anything other than the spread of the virus throughout California, or that the virus was merely a remote cause of its losses. Accordingly, the Policy's Virus Exclusion bars coverage for Mudpie's claims.

*Mudpie*, 15 F.4th at 894 (internal citations omitted). Plaintiffs argue that *Mudpie* applied the incorrect legal standard under California law. But as a three-judge panel, we cannot overrule our prior precedent. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

Because the Virus Exclusion clause independently bars Plaintiffs' claims, we do not address Plaintiffs' other arguments.

**AFFIRMED.**